949 F.2d 396
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Sheila MCGOUGH, Defendant-Appellant.
 No. 91-5511.
 United States Court of Appeals, Fourth Circuit.
 Argued Sept. 30, 1991.
Decided Dec. 12, 1991.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Albert V. Bryan, Jr., Chief District Judge. (CR-90-301-A)
 Argued: Stuart E. Abrams, New York City, for appellant.
 Mark Joseph Hulkower, Assistant United States Attorney, Alexandria, Va., for appellee.
 On Brief: Sheila McGough, Alexandria, Virginia, for appellant.
 Henry E. Hudson, United States Attorney, Elena Collianni, Third Year Law Student, Office of the United States Attorney, Alexandria, Va., for appellee.
 E.D.Va.
 AFFIRMED.
 Before POWELL, Associate Justice (Retired), United States Supreme Court, Sitting by Designation, WILKINSON, Circuit Judge, and MICHAEL, United States District Judge for the Western District of Virginia, Sitting by Designation.
 OPINION
 PER CURIAM:
 
 
 1
 This is an appeal of defendant Sheila McGough's fraud and conspiracy convictions and of her sentencing. Sheila McGough is a Virginia attorney who allegedly conspired with her client, Bob E. Bailes, over a four year period, to defraud investors in connection with the sale of fraudulent insurance charters. Also charged in the indictment as objects of the conspiracy and as lesser included offenses were wire and mail fraud (Counts 2-4, 6-8), receiving stolen moneys and securities (Counts 5 & 9-11), obstruction of justice (Count 12), witness intimidation (Count 13), and perjury (Counts 14 & 15). All told, the indictment contained fifteen counts, and the jury convicted defendant on fourteen of them. The jury also acquitted her on Count 15, one of the perjury counts.
 
 
 2
 In this appeal, McGough asks the court to determine whether the conviction for conspiracy (Count 1) was improper because multiple conspiracies, rather than a single conspiracy as charged, were proven by the evidence. She also asks the court to rule upon the sufficiency of the evidence supporting the guilty verdicts as to the fraud, perjury, witness intimidation and obstruction of justice counts. Finally, she argues that the district court erred by sentencing under the guidelines.
 
 
 3
 After a full review of the record and the arguments of counsel, this court is persuaded, as was the district court, that the various contentions advanced by appellant are without merit. See App. at 525. It will not, therefore, spell out the facts, or explore in a lengthy opinion each of defendant's numerous claims of error as to the lesser included offenses. Instead, after a careful review of the record and the arguments on appeal, we affirm.
 
 
 4
 We do so primarily because defendant has shown no cause to set aside the work of the jury below. For example, taken in the light most favorable to the Government, the evidence presented at trial could have led a reasonable jury to find that there was no break in the continuity of conspiratorial activity. Because it was not error to charge defendant as to a single conspiracy, the jury's decision must stand. See United States v. Urbanik, 801 F.2d 692, 695 (4th Cir.1986). Nor do we have any doubts as to the correctness of the charges or the sufficiency of the evidence presented in support of guilty verdicts with respect to all of the lesser included offenses. We affirm the district court on all counts.
 
 
 5
 We also find that the district court properly applied the guidelines in this case. The indictment lists, inter alia, fourteen separate overt acts performed in furtherance of the conspiracy that allegedly occurred subsequent to November 1, 1987, the effective date of the sentencing guidelines. This court has recently held that under such circumstances it is appropriate to sentence under the guidelines. United States v. Sheffer, 896 F.2d 842, 845 (4th.Cir.), cert. denied, 111 S.Ct. 432 (1991).
 
 
 6
 For the reasons indicated, the judgment of the court below is
 
 
 7
 AFFIRMED.